**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DION & GOLDBERGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | Civ. Action No. 02-cv-5298 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
| Defendants. | : | |

<u>PLAINTIFF'S MOTION TO REMAND UNDER 28 U.S.C. SECTION 1447 (c)</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Section 1447 (c), plaintiff Dion & Goldberger moves for an Order remanding the above-captioned action back to the Pennsylvania Court of Common Pleas, Philadelphia Division, and in further support thereof, states as follows:

1.  This is a civil tort action first filed in Philadelphia Court of Common Pleas in which it is alleged that defendant's tortious conduct resulted in damages to plaintiff. Both counts of the complaint are based solely upon Pennsylvania common law, i.e. tortious interference with contract and unjust enrichment. See Exhibit 1 hereto at Exhibit A.

2.  Defendant was served with plaintiff's complaint on May 10, 2002. See Exhibit 2 hereto.

3. Under 28 U.S.C. Section 1446 (b), defendant had to file for removal within 30 days of being served with the complaint in this matter, or by June 29, 2002.

4. Defendant failed to file for removal within 30 days as required by 28 U.S.C. Section 1446 (b).

5. Under 28 U.S.C. Section 1446 (b), this action cannot be removed to federal court because defendant failed to file its petition of removal within 30 days is a railroad.

6. Under 28 U.S.C. Section 1445 (a), this action cannot be removed to federal court because defendant is a railroad.

7. Defendant improperly filed its Notice of Removal on July 25, 2002, which was 56 days after it was first served with the Complaint in this matter in violation of 28 U.S.C. Section 1446 (b).

8. The original complaint clearly references the plaintiff's claim stems from its underlying representation of one of defendant's employees in a religious discrimination charge filed with the EEOC.  See Exhibit 1 hereto at Exhibit A.  The EEOC is a federal agency that administers the Title VII and other federal discrimination laws that protect employees.

9. Defendant alleges in its notice of removal that it first learned that federal employment laws were involved in plaintiff's lawsuit when it received plaintiff's Response to Preliminary Objections. See Exhibit 1 hereto at Notice by Defendant Southeastern Pennsylvania Transportation Authority of Removal of this Action from State Court to Federal Court at Paragraph 6. This allegation is inaccurate as plaintiff's complaint clearly mentions plaintiff's representation of defendant's employee in an EEOC matter. See Exhibit 1 hereto at Exhibit A at Paragraph 4.

10. In addition, plaintiff's counsel discussed the possible implications of this matter based on the federal employment discriminations laws with defendant's General counsel, Nicholas J. Staffieri, in mid-May 2002, during the course of early settlement discussions. See Exhibit 3 hereto.

11. If this action is truly removable to this Honorable Court then defendant had adequate notice on May 10, 2002, when it was served with the complaint, of the involvement of a federal employment discrimination statute of claim, and could have chose to remove the matter at that time. Defendant's failure to timely remove this matter to this Honorable Court requires that this matter be remanded back to the Philadelphia Court of Common Pleas.

WHEREFORE, the above-captioned matter must be remanded back to the Pennsylvania Court of Common Pleas, Philadelphia Division.

DION & GOLDBERGER

By: _____
    SAMUEL A. DION, ESQUIRE
Attorney I.D. #: 55761
1515 Locust Street, 10th Floor
Philadelphia, PA 19102
(215) 546-6033
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| DION & GOLDBERGER, | : |
|     Plaintiff, | : |
| vs. | :   Civ. Action No. 02-cv-5298 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : |
|     Defendants. | : |

**DECLARATION OF SAMUEL A. DION**

Pursuant to 28 U.S.C. Section 1746, I Samuel A. Dion, declare as follows:

1. I have personal knowledge of the facts set forth below. I am an adult citizen of the United States and I am competent to testify as to matters in this Declaration.

2. I am attorney for the Plaintiff in the above-captioned matter.

3. I called defendant's General counsel, Nicholas J. Staffieri, in mid-May 2002 to discuss possible resolution of this matter and during that conversation I raised the possible implications of this matter based on the federal employment discriminations laws.

Under the penalty of perjury, I declare pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed the       day of                           , 2002.

_____
SAMUEL A. DION, ESQUIRE

Exhibit 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DION & GOLDBERGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | Civ. Action No. 02-cv-5298 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
| Defendants. | : | |

ORDER

AND NOW this _____ day of _____, 2002, it is hereby ORDERED that Plaintiff's Motion to Remand is GRANTED and the defendants' Notice of Removal is nullified and this matter shall proceed in the Pennsylvania Court of Common Pleas, Philadelphia Division and defendants shall pay the costs and reasonable attorneys fees incurred in this matter.

BY THE COURT:

_____
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DION & GOLDBERGER, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Civ. Action No. 02-cv-5298 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : | |
| | : | |
|     Defendants. | : | |

CERTIFICATE OF SERVICE

    I, Samuel A. Dion, certify that on August 9, 2002, I caused a true and correct copy of the foregoing Motion to Remand, by regular first class mail upon counsel for the defendant Justin P. Borkowski, Esq., 1234 Market Street, Philadelphia, Pa. 19107-3780.

_____
Samuel A. Dion