**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

```
DION & GOLDBERGER,          :
                            :
     Plaintiff,             :
                            :
                            :
     vs.                    :    Civ. Action No. 02-cv-5298
                            :
SOUTHEASTERN PENNSYLVANIA   :
TRANSPORTATION AUTHORITY,   :
                            :
     Defendants.            :
```

AMENDED BRIEF IN RESPONSE TO 12(b)(6) MOTION TO DISMISS[1]

I.   PRELIMINARY STATEMENT

The defendant's motion to dismiss[2] is not well-taken because the defendant's position that it is shielded by sovereign immunity and a labor contract in this case flies in the face of public policy and the federal and state laws which protect us all from discrimination in the workplace.

To the contrary, the U.S. Supreme Court has continually held that a state may not lessen the availability of a federal civil rights statute "by taking any action purportedly frustrating its application." Howlett v. Rose, 496 U.S. 356, 110 L. Ed.2d 332,

---

[1]This brief is submitted in place of the original which was a first draft without supporting case law which was inadvertently filed on August 13, 2002.

[2]Plaintiff filed a Motion to Remand this matter to Philadelphia Court of Common Pleas due to defendant's improper removal to this Honorable Court. Hence, plaintiff respectfully requests that the merits of the instant motion not be considered until the pending Motion to Remand is ruled upon.

110 S.Ct. 2430; See Also <u>Schnupp v. Port Authority of Allegheny,</u>
<u>et al</u>, 710 A.2d 1235 (Pa.Commw. 1998).

Specifically, defendant would like this Honorable court to
accept that it can bully its employees at union grievance
hearings into giving up federally mandated rights to be free from
discrimination in the workplace granted to them pursuant to the
U.S. Constitution and Title VII.  To allow such an injustice
would be tantamount to giving license to the Commonwealth and its
various agencies to lawfully <u>coerce</u> people who file legitimate
employment discrimination complaints, in a closed union grievance
hearing room, where private counsel is disallowed, into giving up
their rights without the benefit of conferring with private
counsel, which is exactly what occurred in this case.


II.  <u>FACTS STATED IN PLAINTIFF'S COMPLAINT</u>


On or about December 11, 2000, plaintiff, Dion & Goldberger,
was retained to represent a third party named Kimberly Harris in
a religious discrimination claim against the defendant stemming
from her termination from employment on or about August 16, 2000.

In furtherance of their representation of Ms. Harris,
plaintiff spent valuable time and resources consulting with Ms.
Harris, researching issues, preparing for and attending her
unemployment compensation hearing which stemmed out of the
aforesaid termination, drafting a Charge for Discrimination which

was dual filed with the EEOC and PHRC and other services.  See

In or about March 2001, Ms. Harris attended a union grievance hearing regarding the aforesaid termination.  Plaintiff was not permitted to attend.  However, plaintiff's partners instructed Ms. Harris not to sign any papers until consulting with plaintiff first.

At the aforesaid union grievance hearing, defendant proposed to reinstate Ms. Harris in exchange for her agreement to settle her religious discrimination claim.  Ms. Harris informed defendant that she had to call plaintiff first.  However, after unsuccessfully trying to call plaintiff, Ms. Harris informed defendant that she was unable to get in touch with her attorneys, the plaintiff, at that time.

Thereafter, at the aforesaid union grievance hearing, defendant knowingly coerced Ms. Harris into entering into the aforesaid settlement by telling her that she must accept defendant's offer now or never.

Ms. Harris thereafter entered into the aforesaid settlement proposed by defendant.

Defendant knew that Ms. Harris was represented by private counsel at the time they entered into the said settlement with her.

Defendant knew that Ms. Harris entered into the said agreement with defendant without the advise of her private counsel, the plaintiff.

Defendant knew that, in exchange for her reinstatement to employment, Ms. Harris gave up her right to seek redress for back pay, lost benefits, compensatory damages, punitive damages and other damages that she would be entitled to recover if she successfully litigated her religious discrimination claim.

Defendant knew that their said settlement proposal did not include any provision to compensate Ms. Harris' attorneys, the plaintiff, for the work it performed on behalf of Ms. Harris.

Plaintiff seeks compensation from defendant for its tortuous interference with the retainer agreement between plaintiff and Ms. Harris, and for its unjust enrichment to the detriment of the plaintiff.

Plaintiff's reasonable attorneys fees for work on religious discrimination cases such as Ms. Harris' are $250.00 per hour.


III. <u>ARGUMENT</u>


1.   <u>EMPLOYMENT DISCRIMINATION LAWS</u>


Certainly, actions filed pursuant to the federal and state employment discrimination laws are exceptions to sovereign immunity. 42 U.S.C.S. § 2000e et seq.  Both the Commonwealth of Pennsylvania and SEPTA can be defendants in employment discrimination cases.  Under these state and federal discrimination laws, the aggrieved party has a right to private

counsel.  Said private counsel has a right to recover its reasonable attorneys fees earned in representing the aggrieved party. 42 U.S.C.S. § 1988.

As stated in plaintiff's complaint, plaintiffs dual filed a Charge for discrimination with the EEOC and PHRC for religious discrimination stemming from her termination from employment with defendant.  Under both Title VII and the PHRA, Ms. Harris had a right to recover lost wages, compensatory damages for emotional pain and suffering, punitive damages and costs, in addition to reimbursement of reasonable attorneys fees.

      2.   DEFENDANT INEQUITABLY ESCAPED FROM ITS EXPOSURE PURSUANT TO THE FEDERAL AND STATE DISCRIMINATION LAWS

Although, defendant was aware that Ms. Harris employed plaintiff as her counsel, defendant coerced Ms. Harris into settling her discrimination claim without any consideration for plaintiff's services.

There is no doubt regarding the inequity of this matter, because defendant was able to evade exposure to paying attorneys fees to its great benefits, while plaintiff suffered severe detriment in not being compensated for the work it performed on behalf of Ms. Harris.  Finally, it should be emphasized that "the judiciary has long awarded costs through the exercise of its equitable powers."  See Pennsylvania Association of State Mental Hospital Physician et al. v. State Employees' Retirement Board et

<u>al.</u>, 87 Pa. Commw. 108 (1984); and <u>Sprague v. Tronic National</u>
<u>Bank</u>, 307 U.S. 161, 164 (1939).


      3.   <u>DEFENDANT ILLEGALLY ESCAPED FROM ITS EXPOSURE</u>
          <u>PURSUANT TO THE FEDERAL AND STATE DISCRIMINATION</u>
          <u>LAWS</u>


     By coercing Ms. Harris into a settlement without giving her
an opportunity to consider the advise of her counsel, plaintiff,
defendant was able to eliminate the risk of paying counsel fees
under the federal and state discrimination laws.

     Defendant was able to get out of the case without having to
give any consideration for attorneys fees-- or for that matter,
lost wages, compensatory damages for emotional pain and
suffering, punitive damages or costs.  Such a scenario acts in
direct defiance of our civil rights statutes which are designed
to enforce the civil rights of protected classes of employees.
Certainly, SEPTA's actions were illegal, because even the
Commonwealth and SEPTA should not be able to bypass the proper
enforcement of these essential and important laws.

     If defendant is permitted to get away with this unlawful
conduct, the Commonwealth and its various agencies will be given
free reign in the future to evade their exposures under the civil
rights laws and ensure that they will never again have to pay any
attorneys fees, lost wages, compensatory damages for emotional
pain and suffering, punitive damages or costs in any matter where

there is a union grievance hearing, so long as they are permitted
to bully their union-member employees into giving up their rights
at the employee's union grievance hearing.  Defendant should not
be allowed to do this to anyone-- especially those who are
represented by private counsel in discrimination claims.


    4.   <u>PLAINTIFF'S CLAIM IS NOT PRECLUDED BY SOVEREIGN
        IMMUNITY</u>

It follows from the above that plaintiff's claims of unjust
enrichment and tortuous interference with contract against the
defendant are not precluded by sovereign immunity.  Since the
subject matter of plaintiff's claim involves its claim for
attorneys fees related to Ms. Harris employment discrimination
claim, the subject matter of this lawsuit is an exception to the
sovereign immunity protections granted to the defendant.
<u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445; and <u>Shawer v. Indiana
University of Pennsylvania</u>, 602 F.2d 1161 (3rd Circuit 1979).  As
to why state sovereign immunity does not foreclose federal civil
rights actions, the Supreme Court reasoned: "a construction of
[a] federal statute which permitted a state immunity defense to
have a controlling effect would transmute a basic guarantee into
an illusory promise . . ."  <u>Howlett</u>, 496 U.S. 356.

Moreover, 42 Pa.C.S. § 1726 establishes the standards for
imposing costs upon litigants.  It states that "attorney's fees
are not an item of taxable costs except to the extent authorized

by section 2503." Section 2503 sets forth the rights of participants to counsel fees as part of taxable costs of a matter. It expressly includes "any . . . participant in such circumstances as may be specified by statute heretofore or hereafter enacted." In this case, the relevant statute is 42 U.S.C.S § 1988, which expressly grants reasonable attorney's fees in a federal civil rights case.

The effect of sovereign immunity on these statutes (42 Pa.C.S. § 1726 & § 2503) was addressed in the matter of <u>Baehr Brothers v. Commonwealth</u>, 493 Pa. 417 (1981), in which the Pennsylvania Supreme Court specifically discussed the issue of attorney's fees when the "<u>underlying</u> <u>action</u>" was not barred by sovereign immunity. In <u>Baehr</u>, the court rejected the Commonwealth's argument that the doctrine of sovereign immunity precludes the taxation of costs against the Commonwealth. The Court in <u>Baehr</u> explained that " . . . the legislature has vested this Court with the general statutory power to tax costs to all litigants, 42 Pa. C.S.A. § 1726 . . . The Commonwealth was a party litigant in the underlying action, which no one argues was barred by sovereign immunity . . . Costs, of course, include attorney's fees to the extent authorized by section 2503."

In this case, Defendant does not argue that the underlying action (Ms. Harris's employment discrimination case) was barred by sovereign immunity. As explained in <u>Baehr</u>, because the underlying action was not barred by sovereign immunity, this

action for attorney's fees is also not barred by sovereign
immunity.

Defendant's  actions of intentionally and knowingly
interfering with the attorney-client contract between plaintiff
and Ms. Harris and defendant's unjust enrichment to the great
detriment of plaintiff still fly in the face of the spirit of the
federal and state employment discrimination laws which allow for
claimants to be represented by private counsel and be allowed to
recover attorneys fees. 42 U.S.C.S. § 1988.  If defendant is
permitted to bypass having to deal with private counsel, and is
permitted to prevent an aggrieved party from consulting with
his/her private counsel in the consideration of a settlement of a
discrimination claim, then the spirit and intent of the
discrimination laws which are designed to keep employers
(including the Commonwealth and its various agencies) in check,
would be rendered useless.

     5.   <u>PLAINTIFF'S CLAIM IS NOT PRECLUDED BY THE COLLECTIVE
          BARGAINING AGREEMENT</u>

Defendant further avers that plaintiff had no legal
authority to represent Ms. Harris in the collective bargaining
process because the "collective bargaining representative" is the
exclusive representative to the "terms and conditions of the
employee's employment."  While this may be true, the plaintiff
did have a right to represent Ms. Harris in her discrimination
claim and Ms. Harris had a right to consult with plaintiff prior

to settling her discrimination claim.  The defendant's bullying tactics can not be condoned simply because the forum was a union grievance hearing.  To condone such tactics would also result in defendant's illegal ability to bypass its exposure to the federal and state employment discrimination laws.

6.   <u>PUNITIVE DAMAGES ARE PROPER</u>

Since plaintiff's underlying claim is not barred, as shown above, it follows that plaintiff is also not barred from seeking punitive damages in this case.

IV.   <u>CONCLUSION</u>

Wherefore, based on the foregoing, plaintiff should be permitted to proceed with its lawsuit on the merits.

DION& GOLDBERGER

By: _____
        SAMUEL A. DION, ESQUIRE
     Attorney I.D. #: 55761
     1515 Locust Street, 10th Floor
     Philadelphia, PA 19102
      (215) 546-6033
     Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

```
DION & GOLDBERGER,                :
                                  :
     Plaintiff,                   :
                                  :
                                  :
     vs.                          :     Civ. Action No. 02-cv-5298
                                  :
SOUTHEASTERN PENNSYLVANIA         :
TRANSPORTATION AUTHORITY,         :
                                  :
     Defendants.                  :
```

ORDER

AND NOW this _____ day of _____ , 2002, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.


                         BY THE COURT:


                         _____
                         U.S.D.J.


**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DION & GOLDBERGER, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| | : | |
|     vs. | : | Civ. Action No. 02-cv-5298 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
|     Defendants. | : | |

<u>CERTIFICATE OF SERVICE</u>

    I, Samuel A. Dion, certify that on August 22, 2002, I caused a true and correct copy of the foregoing Amended Response to Motion to Dismiss, by regular first class mail upon counsel for the defendant Justin P. Borkowski, Esq., 1234 Market Street, Philadelphia, Pa. 19107-3780.


_____
Samuel A. Dion